UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KEN LANDER AND REGINA
BOUNACORE,
                    Plaintiffs,

v.                                                                    C.A. No. 10-0301ML

LLOYD'S OF LONDON,
                    Defendant,

## MEMORANDUM AND ORDER

Plaintiffs Ken Lander and Regina Bounacore ("Plaintiffs") filed their Complaint in the

Washington County Superior Court on April 26, 2010.  Defendant, Lloyd's of London

("Defendant"), filed a notice of removal on July 20, 2010.  Plaintiffs have now filed a motion to

remand the case to state court.  For the reasons discussed below, Plaintiffs' motion for remand is

denied.

## I.  Facts

Plaintiffs are residents of Rhode Island.  Defendant has its principal place of business in

London, England and is organized under the laws of Great Britain.  Plaintiffs allege that

Defendant violated the contractual terms of a homeowners' insurance policy when it denied

coverage for a release of home heating oil occurring on Plaintiffs' property on January 22, 2010.

The parties dispute whether the terms of the insurance contract cover the loss that occurred on

Plaintiffs' property.

Pursuant to 28 U.S.C. § 1441(a) (2006), Defendant filed a notice of removal and removed

1

the action to the United States District Court for the District of Rhode Island premised on the

diversity of citizenship and the amount in controversy elements of 28 U.S.C. § 1332 (2006).  It is

not disputed that the amount in controversy is in excess of the Seventy-Five Thousand ($75,000)

Dollar threshold and that the parties are citizens of Rhode Island and Great Britain, respectively.

See 28 U.S.C. § 1332.  Rather, Plaintiffs contend that, as "the master" of their complaint, "this

matter should not be removed insofar as the complaint's allegations are premised only on state

law and, absent a significant federal issue, this matter should not be properly removed solely on

diversity jurisdiction."  Plaintiffs' Motion to Remand at 3, Lander v. Lloyd's of London, No. 10-

0301 (filed August 18, 2010).

## II.  Discussion

The statutory language of 28 U.S.C. § 1332 and 28 U.S.C. § 1441 is illustrative of why

Plaintiffs' motion for remand fails.  The federal statute covering removal provides that "any civil

action brought in a State court of which the district courts of the United States have original

jurisdiction, may be removed by the defendant. . . to the district court . . . embracing the place

where such action is pending."  28 U.S.C. § 1441(a).  In turn, 28 U.S.C. § 1332 states that

"district courts shall have original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000 . . . and is between . . . citizens of a State and citizens or

subjects of a foreign state."  28 U.S.C. § 1332(a)-(a)(2).  Nothing in either statute or in any other

act of Congress limits removal actions to only those claims that present a federal question.

The removal statute has been consistently applied to cases where original jurisdiction was

predicated entirely upon the diversity of the parties.  As stated by the Supreme Court of the

United States, "[w]hile § 1332 allows plaintiffs to invoke the federal courts' diversity

jurisdiction, § 1441 gives defendants a corresponding opportunity." <u>Lincoln Property Co. v. Roche</u>, 546 U.S. 81, 89 (2005).  Removal in such cases hinges upon the diversity of the parties and is not dependant upon the existence of a federal question.  Even more simply stated, "[w]hen a plaintiff files a state-court civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant . . . may remove the action to federal court . . . ." <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 62 (1996).  There is no additional requirement that the claim also raise a federal question.

There is no legal basis for the contention that diversity jurisdiction is an insufficient basis for removal.  In search of support, Plaintiffs cite to cases involving inapplicable contexts.  In this manner, Plaintiffs focus their attention on cases that deal with removal actions in situations involving federal questions.  <u>See Negron-Fuentes v. UPS Supply Chain Resolutions</u>, 532 F.3d 1 (1st Cir. 2008) (determining whether purely state law claims were supplanted by ERISA, creating a federal question for proper removal); <u>Hotz v. Blue Cross & Blue Shield of Mass., Inc.</u>, 292 F.3d 57 (1st Cir. 2002) (discussing the removal of state law claims in light of the preemptive effect of ERISA).  These cases do not upset the accepted principal that diversity alone provides federal courts with jurisdiction over properly removed actions.

"It is beyond debate that a non-resident defendant may remove a civil case . . . from a state court to a United States District Court if the case presents a controversy between citizens of different states and involves the requisite jurisdictional amount." <u>Carey v. Bd. of Governors</u>, 337 F.Supp.2d 339, 341 (D.Mass. 2004).  In light of the extensive caselaw supporting removal in diversity cases, there is no support for Plaintiffs' contention that there is an implicit indication to the contrary.

3

To be sure, the outcome of this case will rest upon the contract law of the state of Rhode Island. Yet, where diversity jurisdiction is properly invoked, absent exceptional circumstances warranting abstention, it is the "duty of the federal courts . . . to decide questions of state law whenever necessary to the rendition of a judgment." Meredith v. City of Winter Haven, 320 U.S. 228, 234 (1943). The fact that the claims at issue are premised entirely on state law has no bearing on the propriety of removal in this case. Removal was properly based upon the diversity of the parties and, as a result, Plaintiffs' motion for remand is DENIED.

### III. Conclusion

For the reasons set forth above, Plaintiffs' motion for remand is DENIED.

SO ORDERED

Mary M. Lisi
United States District Judge
September 13, 2010

4